UNITED STATES of America, Plaintiff,

v.

Robert M. COOK, et al., Defendants.

No. CR–2–82–39.

United States District Court,
E.D. Tennessee,
Northeastern Division.

July 19, 1982.

Mary Ann Reese, Asst. U.S. Atty., Knoxville, Tenn., for plaintiff.

Michael J. Flanagan, Newport, Tenn., for defendants.

MEMORANDA OPINIONS AND ORDERS

NEESE, District Judge.

I

The defendant Mr. Cook moved the Court for an order requiring certain pretrial discovery from the prosecution * * * pursuant to Federal Rules of Criminal Procedure 12(d)(2), 16; Federal Rules of Evidence 803(24) and 804(b)(5); 18

U.S.C. § 3500; the due process clause of the *Fourteenth Amendment of The United States Constitution* and *Brady v. Maryland,* 373 U.S. 83 [83 S.Ct. 1194, 10 L.Ed.2d 215] (1963) [emphases as in original] * * *.

This is the same boilerplate motion used routinely by counsel in the firm which represents Mr. Cook herein in all criminal actions in which one of its attorneys appears in this Court.

That motion hereby is DENIED as premature, moot, overbroad, and otherwise improper in the particulars spelled-out by the Court previously. *See United States of America,* plaintiff, v. *William Fred Mims, et al.,* defendants, no. CR–2–82–20, this district, memoranda opinions and orders of March 17, 1982.

## II

The motion of the defendant Mr. Cook for a bill of particulars, Rule 7(f), Federal Rules of Criminal Procedure, hereby is

DENIED. *Will v. United States* (1967), 389 U.S. 90, 98–99, 88 S.Ct. 269, 275[13], 19 L.Ed.2d 305; *United States v. Birmley,* C.A.6th (1976), 529 F.2d 103, 108[12]. The indictment is already particularized to an appropriate degree.

## III

Mr. Cook moved the Court also to sever his trial from that of his codefendants; he contends that there has been a misjoinder of defendants herein under the provisions of Rule 8(b), Federal Rules of Criminal Procedure.[1] This motion lacks merit.

■ As has been stated recently:

  *   *   *   *   *   *

While it is true that Rule 8(b) should be construed in favor of joinder, it is also true that failure to meet the requirements of this rule constitutes misjoinder as a matter of law. Questions of preju-

dice are properly raised under Rule 14 only if the joinder of multiple defendants is proper under Rule 8(b). If multiple defendants are improperly joined under Rule 8(b) because they are charged with offenses that are unrelated, then they are to be considered as prejudiced by that fact and the trial judge has no discretion on the question of severance. Severance in such a case is mandatory. * * *

The joinder of multiple defendants is proper under Rule 8(b) only if each of the counts of the indictment arises out of the same act or transaction or series of acts or transactions, even if all counts of the indictment include a common defendant. * * * [citations omitted].

*United States v. Hatcher,* C.A.6th (1982), 680 F.2d 438, 440–41. If the indictment, on its face, alleges no connection between the charges against the separate defendants, and further if, following trial, the record fails to reveal any evidence of such a connection, then there was an improper joinder under Rule 8(b), *supra. Idem.*

■ Joinder of multiple defendants in the same indictment is permissible if they are alleged to have participated in the same series of acts or transactions constituting an offense or offenses. Rule 8(b), *supra.* Under this rule, the prosecution is entitled to charge and join parties in an indictment " * * * on the basis of what it reasonably anticipates proving against [them] all. * * *" *United States v. Martinez,* C.A.1st (1973), 479 F.2d 824, 828[6].

■ To satisfy the requirement of this rule, participation by all defendants in every act constituting each joint offense is not necessary; all that is required is that each act or transaction was part of a series of acts or transactions and that each defendant participated in the series. *United States v. Serubo,* D.C.Pa. (1978), 460 F.Supp. 689, 694[6]. Participation in the same series of acts does not require partici-

---

1. " * * * Two or more defendants may be charged in the same indictment * * * if they are alleged to have participated in the same act of transaction or in the same series of acts or transactions constituting an offense or of- fenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count." Rule 8(b), Federal Rules of Criminal Procedure.

pation in each transaction of the series, *United States v. Wright,* C.A.8th (1977), 564 F.2d 785, 788, and it is not necessary that each defendant be named in each count of the indictment, Rule 8(b), *supra; United States v. Wofford,* C.A.8th (1977), 562 F.2d 582, 585, n. 3, certiorari denied (1978), 435 U.S. 916, 98 S.Ct. 1471, 55 L.Ed.2d 507.

 Obviously, this Court has no way of knowing what will be shown by the evidence to be offered at trial, and it has no intention of conducting a preliminary minitrial to make such an ascertainment. The prosecution contends its evidence will demonstrate that each of the five defendants participated in the same series of acts or transactions constituting the offenses charged.

It is represented by the prosecuting attorney, as an officer of the Court, that such evidence will reflect that on the day in question Mr. Cook supplied two of his codefendants with the counterfeit federal reserve notes; and that Mr. Cook and his four codefendants then rode around in the same vehicle while the latter four "took turns" passing those notes to various business establishments in Johnson City, Tennessee. According to the prosecution, at the time all five defendants were arrested, they were in such vehicle wherein was located also other similar counterfeit money.

Based upon the foregoing representations, the Court is satisfied at this time that joinder of Mr. Cook with the other defendants was proper under Rule 8(b), *supra.* There is no reason now to think the prosecution has acted in bad faith or that its evidence will not conform to the representations made by its prosecuting attorney.

If, at any time, it should appear to the Court that joinder of the defendants herein was improper under Rule 8(b), *supra,* it will grant the mandatory severance. Furthermore, should it develop, at any time during these proceedings, that Mr. Cook will be prejudiced by such joinder, relief will be

available to him under Rule 14, Federal Rules of Criminal Procedure.[2] *Schaffer v. United States* (1960), 362 U.S. 511, 516, 80 S.Ct. 945, 948, 4 L.Ed.2d 921, 925 (headnote 4).

The motion of the defendant Mr. Cook for a severance hereby is

DENIED.

2.  " * * * If it appears that a defendant * * * is prejudiced by a joinder * * * of defendants in an indictment * * * or by such joinder for trial together, the court may * * * grant a severance of defendants or provide whatever other relief justice requires. * * * " Rule 14, Federal Rules of Criminal Procedure.